WILLIAM H. MORGAN, Appellant, *v.* THE WAYNE BUILDING LOAN AND ACCUMULATING FUND ASSOCIATION, Respondent.

APPEAL by the plaintiff from a judgment in favor of the defendant dismissing the complaint, rendered in the Municipal Court, sixth district, borough of Manhattan.

Sproull, Harmer & Sproull, for appellant.

Flemming & Schoup, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover the surrender value of certain shares of the stock of the defendant association held by the plaintiff. It was conceded on the trial that the value of the stock was $158, and that the plaintiff filed a proper notice of withdrawal with the defendant.

The plaintiff was a voluntary member of the defendant corporation, and the by-laws of the association provide that withdrawing members shall be paid in the order of the filing of notices of withdrawal.

The appellant contends that the defendant had violated that condition of the by-laws and has paid a large number of the shareholders the value of their shares, who had filed notices of withdrawal subsequent to the filing of the notice by the plaintiff. The appellant also claims that the defendant had discontinued doing business and had become insolvent, and that upon such a condition being shown, the plaintiff had a right to recover a judgment against the defendant for the value of the shares owned by him. The position taken by the plaintiff would necessarily require an investigation into the management and condition of the defendant association in order to ascertain whether it was solvent or insolvent, and in the case at bar, the plaintiff sought to establish that fact, and against the objection of the defendant was allowed to introduce testimony which he claims showed bad faith in the management of the affairs of the association, and that the defendant was not a going corporation and was insolvent.

Without deciding the question whether in an action of this kind the plaintiff had a right to test the solvency of the corporation, and the condition of its affairs in connection therewith, it is sufficient for the decision of this appeal to say that those questions were met by the testimony on the part of the defendant, and that there was a conflict of evidence upon the issues of fact thus created, which was decided by the court below in favor of the defendant. The burden of proof was upon the plaintiff and he failed to sustain it. We see no reason for a reversal of the judgment.

MACLEAN and LEVENTRITT, JJ., concur.

Judgment affirmed, with costs to respondent.